# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| DRYWALL ELEMENTS, LLC, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:21-CV-00537-CAN |
| v. | § | |
| | § | |
| EDWARD WOLFF & ASSOCIATES, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Edward Wolff & Associates, LLC, and Mark Wolff's Motion to Dismiss Plaintiff's Third Amended Complaint for Lack of Jurisdiction Due to the Amount of Controversy [Dkt. 25]. Having considered Defendants' Motion, Plaintiff's Response [Dkt. 27], Defendants' Reply [Dkt. 28], and Plaintiff's Sur-reply [Dkt. 29], and all other relevant filings, the Court finds Defendants' Motion to Dismiss [Dkt. 25] should be **DENIED**. The Court finds the amount in controversy has been met.

## BACKGROUND

*Relevant Procedural History*

On July 13, 2021, Plaintiff Drywall Elements, LLC ("Plaintiff" or "Drywall") filed its original complaint against Defendants Edward Wolff & Associates, LLC, and Mark Wolff (collectively "Defendants") [Dkt. 1]. Citing diversity jurisdiction, the original complaint pleaded only that Drywall is a "Florida corporation" with its principal place of business in Florida, and that Edward Wolff & Associates, LLC, is a "Texas corporation" with its principal place of business in Collin County, Texas; no amount in controversy was stated [Dkt. 1 at 1-2]. United States District Judge Sean D. Jordan ordered Plaintiff to file an amended complaint alleging facts sufficient to

plead complete diversity [Dkt. 2 at 1-2].  On July 20, 2021, Plaintiff filed its First Amended Complaint again referring to the LLC parties as "corporations" [Dkt. 3].  Judge Jordan ordered a further amended complaint that clearly stated the correct corporate form for both Drywall and Edward Wolff & Associates [Dkt. 4].  Plaintiff filed a Second Amended Complaint, pleading that Drywall is a Florida limited liability company with two members: Kevin Cormier, who is "domiciled in, a citizen of, and residing in[] the State of Florida," and Gino Bernard, who is "domiciled in, a citizen of, and residing in[] the State of New Hampshire" [Dkt. 5 at 1].  Plaintiff pleads Edward Wolff & Associates is a Texas limited liability company with one member, Mark Wolff, who "is domiciled in, a citizen of, and residing in[] the State of Texas," and it further pleads "the damages sought by Plaintiff exceed $75,000" [Dkt. 5 at 1].  After the filing of Defendants' initial Motion to Dismiss, on October 6, 2021, Plaintiff filed its Third Amended Complaint – the live pleading – which restates its diversity and amount in controversy allegations [Dkt. 13 at 3].

On September 2, 2021, this cause was referred to the undersigned for all pretrial proceedings [Dkt. 7].  On November 3, 2021, Judge Jordan entered an Order of Reference, referring this case to the undersigned for all further proceedings, including trial, entry of final judgment, and all post-judgment hearings, in accordance with 28 U.S.C. § 636(c) and the consent of the Parties [Dkt. 20].  After entry of the Order of Reference, on November 23, 2021, the undersigned conducted a Rule 16 Management Conference, during which Defendants' challenge to the amount in controversy, raised by the Joint Rule 26(f) Report, was discussed [Dkt. 17].  Defendants dispute whether Plaintiff has sufficiently pleaded diversity jurisdiction because "the true amount in controversy is less than $75,000.00," citing a pre-suit demand letter from Plaintiff requesting $28,000 [Dkt. 17 at 3].  The Court directed the Parties to proceed in filing jurisdictional briefing addressing the amount in controversy [Dkt. 24].

*Defendants' Motion to Dismiss Under Rule 12(b)(1) – Amount in Controversy*

On December 3, 2021, Defendants filed the pending Motion to Dismiss [Dkt. 25].[1] The pending Motion centers entirely on the amount in controversy; complete diversity of citizenship between the Parties is not challenged. Defendants primarily argue that Plaintiff cannot reach $75,000.00 because each of Plaintiff's claims at their heart are all for breach of contract, for which the maximum amount of economic damages available is $24,000.00, and because Plaintiff cannot recover attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code, the Texas Deceptive Trade Practices Act ("DTPA"), the Texas Theft Liability Act ("TTLA"), or for fraud under Texas law [Dkt. 25 at 3, 5, 8-9]. Plaintiff filed a Response [Dkts. 26; 27],[2] Defendants filed a Reply [Dkt. 28], and Plaintiff filed a Sur-reply [Dkt. 29].

## APPLICABLE LEGAL STANDARDS

*Federal Rule of Civil Procedure 12(b)(1)*

A Rule 12(b)(1) motion to dismiss allows a party to challenge the exercise of the Court's subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Federal courts have subject matter jurisdiction to entertain causes of action only where a question of federal law is involved, *or* where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332; *see Shiloh Enters., Inc. v. Cleveland Imaging & Surgical Hosp., LLC*, No. 1:07-CV-588, 2007 WL 9724995, at *1 (E.D. Tex. Dec. 13, 2007). "The 'amount-in-controversy threshold' is a necessary 'ingredient of subject-

---

[1] Defendants' earlier filed Motion to Dismiss does not seek dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) [Dkt. 15]. "A motion to dismiss for lack of subject matter jurisdiction must be considered before any other challenge because the court must find jurisdiction before determining the validity of a claim." *Hereford v. Carlton*, No. 9:15-CV-26, 2016 WL 7042231, at *2 (E.D. Tex. May 26, 2016) (citing *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994)).

[2] Plaintiff appears to have filed the same or a substantially similar response twice; as such, the Court refers to Plaintiff's most recent response [Dkt. 27].

matter jurisdiction.'" *Jouett Invs. Inc. v. Intuit Inc.*, No. 3:14-CV-1803-L, 2015 WL 3770715, at *7 (N.D. Tex. June 15, 2015) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

*Amount-in-Controversy Requirement*

Determining the amount in controversy looks to the "value of the object of the litigation." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). "Generally, penalties, statutory damages, punitive damages, and attorney's fees are included in the amount in controversy." *Theriot v. Transamerica Life Ins. Co.*, 354 F. Supp. 3d 713, 719 (E.D. Tex. 2017). Exemplary damages allowed by state statute are also encompassed in the amount in controversy. *U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 283 (5th Cir. 2001). However, costs are excluded from calculating the amount in controversy, as is most interest. *See* 28 U.S.C. § 1332; *Primerica Life Ins. Co. v. Martinez*, No. CV SA-10-CA-660-FB, 2011 WL 13324194, at *9 (W.D. Tex. Apr. 7, 2011), *report and recommendation adopted*, No. CV SA-10-CA-660-FB, 2011 WL 13324203 (W.D. Tex. Apr. 25, 2011).

"It has long been recognized that 'unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). Under Rule 12(b)(1), "the party invoking diversity jurisdiction must show by a preponderance of the evidence that the amount-in-controversy requirement is met." *Brand Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 155 (5th Cir. 2018) (citing *Greenberg*, 134 F.3d at 1253). "This burden is met if: (1) it is apparent from the face of the complaint that the claims exceed $75,000.00, or, alternatively, (2) summary judgment-like evidence supports a finding of the requisite amount." *Shiloh*, 2007 WL 9724995, at *2 (citing *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 639 (5th Cir. 2003)). The Court must first determine whether it is

"facially apparent" that Plaintiff's claims exceed the jurisdictional minimum. *Greenberg*, 134 F.3d at 1253 (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995)).[3] The "facially apparent" inquiry is lenient – the Court "inquire[s] into the injuries asserted and use[s] judicial experience and common reason to prognosticate the total availability of damages based upon the relief sought, or in other words viability of the case in surpassing $75,000 worth of damages." *Romero-Palacios v. Warren Elec., LLC*, No. PE:21-CV-00042-DC-DF, 2022 WL 508342, at *3 (W.D. Tex. Feb. 18, 2022) (citing *Hereford v. Carlton*, No. 9:15-CV-26, 2016 WL 7042231, at *4 (E.D. Tex. May 26, 2016)). "If the amount in controversy is not apparent, we may then rely on 'summary judgment' type evidence. In examining such evidence, 'the jurisdictional facts must be judged as of the time the complaint is filed.'" *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Greenberg*, 134 F.3d at 1252). "Once sufficient evidence is produced to establish that the amount in controversy likely exceeds $75,000.00," the Court "may not decline to exercise federal diversity jurisdiction unless it appears 'to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Shiloh*, 2007 WL 9724995, at *3 (quoting *St. Paul Mercury*, 303 U.S. at 289).

## ANALYSIS

Again, the sole issue raised by the instant Motion is whether Plaintiff has shown the requisite amount in controversy. The Third Amended Complaint asserts claims against Defendants for violations of the DTPA, breach of contract, liability under the TTLA, breach of fiduciary duty, conversion of property, and fraud and fraudulent inducement arising out of an alleged breach of contract by Defendants [Dkt. 13]. In connection with these claims, Plaintiff pleads damages that

---

[3] As a matter of "efficient procedure," the Court does not look to "'summary judgement' proof until after the initial consideration of the face of the complaint," since consideration of "such proof is irrelevant and wasteful if jurisdiction is facially apparent." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 n.16 (5th Cir. 1995).

exceed $75,000, the minimum amount in controversy required to invoke the Court's subject matter jurisdiction [Dkt. 13 at 3]. Specifically, Plaintiff alleges:

> Pursuant to the Contract, Defendants owes Plaintiff $24,000 in economic damages for unremitted payment, and statutory damages in the amount of an additional $48,000 for knowingly false representations and knowingly deceptive trade practices, as permitted under Tex. Bus. & Comm. Code §17.50. Defendants are also liable, to Plaintiff, for exemplary damages pursuant to Tex. Bus. & Comm. Code §41.003. Additionally, Defendants are liable to Plaintiff for interest on all unpaid funds recovered, along with attorneys' fees and costs incurred in pursuing recovery of these damages.

[Dkt. 13 at 9]. Facially, "the damages sought by Plaintiff exceed $75,000" [Dkt. 13 at 3].

More specifically, Plaintiff seeks $24,000 in economic damages, and $48,000 in "statutory damages" under the DTPA [Dkt. 13 at 9]. Relevant here, Plaintiff seeks statutory damages for violations of the DTPA based on intentional or knowing misrepresentations. For calculating the amount in controversy, "[i]f the DTPA violation alleged was committed intentionally, the DTPA allows for recovery of up to three times the amount of economic damages and mental anguish damages sustained." *Harris v. BMW of N. Am., LLC*, No. 4:19-CV-00016, 2019 WL 4861379, at *5 (E.D. Tex. Oct. 2, 2019) (citing TEX. BUS. & COM. CODE § 17.50(b)). Thus, the amount in controversy for the *specified* claims totals $72,000. *See Theriot*, 354 F. Supp. 3d at 720-21 (citing *Hartford Ins. Grp.*, 293 F.3d at 912) ("An award of treble damages under the DTPA or Insurance Code is considered part of the amount in controversy.").

Defendants argue to the contrary that Plaintiff's claims under the DTPA (as well as under the TTLA, and for breach of fiduciary duty, conversion, and fraud) are merely repackaged breach of contract claims, and thus Plaintiff cannot show the amount in controversy is met, either from the face of the complaint or from the submission of other evidence [Dkt. 25 at 3-5]. Stated differently, Defendants argue Plaintiff's specified relief should be limited to the $24,000 allegedly

owed under the contract and the $4,000 in attorney's fees as stated in the pre-suit demand letter, for a total amount in controversy of $28,000.00 [Dkt. 25 at 5].[4]

As an initial matter, the jurisdictional inquiry "concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." *Berniard v. Dow Chem. Co.*, 481 F. App'x 859, 862 (5th Cir. 2010) (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)); *see Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015). Here, Plaintiff's alleged failure to state a DTPA claim does not implicate the Court's subject matter jurisdiction when deciding whether the amount in controversy is met. *See Payne v. Progressive Fin. Servs., Inc.*, 748 F.3d 605, 608 (5th Cir. 2014) (finding a motion to dismiss for lack of subject matter jurisdiction was not the proper mechanism to challenge the merits of consumer's FDCPA claims for actual damages); *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 642-43 (2002) ("It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction"). Rule 12(b)(6) considerations are not part of the Rule 12(b)(1) inquiry into the amount in controversy. As the court explained in *Payne*:

> This analysis confuses two separate inquiries: (1) the merits, whether [the plaintiff] sufficiently stated a claim; and (2) jurisdiction, whether the court has the power to reach the merits of [the plaintiff's] claim...
> . . . .
> *Whether [the] allegations state a plausible claim for actual damages is an inquiry different from whether a federal court has jurisdiction to hear the case.* To render a decision on whether [the plaintiff] is entitled to a particular type of relief—in this case actual damages—is to decide the merits of the case. A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction is not the proper mechanism to challenge the merits of [the plaintiff's] claims.

---

[4] Defendants complain that Plaintiff only sought $24,000 in damages and $4,000 in attorney's fees, leaving a "difference of $47,000.00 between Plaintiff's initial demand letter" and Plaintiff's alleged amount in controversy [Dkt. 25 at 7]. Defendants cite no authority for its allegation that Plaintiff's pre-suit DTPA demand letter is somehow binding on this Court as to the amount in controversy.

*Payne*, 748 F.3d at 608 (emphasis added). The Supreme Court has similarly made clear, these are distinct analyses:

> Jurisdiction ... is not defeated ... by the possibility that the averments might fail to state a cause of action on which [the plaintiff] could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for dismissal for want of jurisdiction.

*Bell v. Hood*, 327 U.S. 678, 682 (1946). Plaintiff's live pleading adequately alleges a DTPA claim for purposes of the amount in controversy inquiry.[5]

Because the $72,000 in specified damages pleaded by Plaintiff is $3,000 less than the requisite $75,000 jurisdictional minimum for the amount in controversy, the Court must next ask if it is facially apparently that the value of the *unspecified* relief exceeds the remaining $3,000. *See Boissier v. Katsur*, 676 F. App'x 260, 262 (5th Cir. 2017) (quoting *Greenberg*, 134 F.3d at 1253) (where the complaint pleads specific damages in an amount below the jurisdictional threshold, "it must be 'facially apparent' that the unspecified claims exceed the jurisdictional amount."). "[I]f particularized allegations are lacking, the Court must independently survey the record to determine whether it is more likely than not that the requirement is, in fact, satisfied."

---

[5] To the extent Defendants argues in connection with the instant Motion Plaintiff has not raised a well-pleaded allegation under the DTPA because a breach of contract "is not a DTPA violation" [Dkt. 25 at 6], the Court finds the authority cited by Defendants unpersuasive to support such a broad proposition. In particular, the seminal Texas Supreme Court case on this questions states, in relevant part:
> We recognize the need to keep tort law from overwhelming contract law, so that private agreements are not subject to readjustment by judges and juries. But we long ago abandoned the position that procuring a contract by fraud was simply another contract dispute. Because Chapa proved more than mere breach of contract here, we hold she was entitled to assert fraud and DTPA claims as well.

*Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 304-06 (Tex. 2006); *Hart v. Tufenkian Artisan Carpets*, No. 3:18-CV-2178-G, 2019 WL 266831, at *7 (N.D. Tex. Jan. 18, 2019) (quoting *Shakeri v. ADT Security Services*, No. 3:13-CV-2852-D, 2014 WL 5780955, at *5-6 (N.D. Tex. Nov. 6, 2014)) ("this court concludes that the Harts have successfully pled their DTPA claim because the Harts allege that Tufenkian 'never intended to fulfill the contract in the first place.'"); *see also Junior Volleyball Ass'n of Austin v. Summit Hosting LLC*, No. 1:17-CV-756-LY, 2018 WL 4343446, at *6 (W.D. Tex. July 17, 2018) ("The determination of whether a breach of contract rises to the level of a misrepresentation sufficient to trigger the DTPA is a fact-driven inquiry, and whether the facts, once ascertained, constitute a DTPA misrepresentation is a question of law"), *report and recommendation adopted*, No. 1:17-CV-756-LY, 2018 WL 4343430 (W.D. Tex. Aug. 6, 2018); *Prestige Oysters, Inc. v. Unisource Worldwide, Inc.*, 161 F. Supp. 3d 479, 481 (S.D. Tex. 2015) (citing *Munawar v. Cadle Co.*, 2 S.W.3d 12, 18 (Tex. App.—Corpus Christi 1999, pet. denied) ("The determination of whether a breach of contract rises to the level of a misrepresentation sufficient to trigger the DTPA is a fact-driven inquiry which, in this case, must be resolved through discovery.").

*Gutierrez v. Ethicon, Inc.*, No. 5:20-CV-00093-RCL, 2021 WL 2431016 (W.D. Tex. Apr. 23, 2021) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). "This court must judge whether it is apparent, to a legal certainty, from the face of the complaint, that plaintiff is not entitled to recover the jurisdictional amount." *Sorensen v. Ashmore*, 4 F. Supp. 2d 669, 670 (E.D. Tex. 1998) (citing *St. Paul Mercury*, 303 U.S. at 289).[6] The Court must find only that it is more likely than not that Plaintiff seeks over $75,000, absolute certainty is not required.

Plaintiff pleads four bases for attorney's fees on the face of the complaint: (1) under the DTPA; (2) for breach of contract as provided by TEX. CIV. PRAC. & REM. CODE § 38.001; (3) under the TTLA, TEX. CIV. PRAC. & REM. CODE § 134.005(b); and (4) for fraud, TEX. BUS. & COM. CODE § 17.50(d) [Dkt. 13 at 9]. Plaintiff cannot seek attorney's fees for breach of contract from an LLC under Chapter 38; the version of TEX. CIV. PRAC. & REM. CODE § 38.001 in force at the time this suit was filed did not permit recovery of attorney's fees from an LLC [Dkt. 25 at 8]. *See* TEX. CIV. PRAC. & REM. CODE § 38.001 (amended Aug. 31, 2021); *see also Accresa Health LLC v. Hint Health Inc.*, No. 4:18-CV-00536, 2020 WL 2610908, at *26 (E.D. Tex. May 22, 2020) (collecting cases). Plaintiff cites the same statute for its fraud claims as the DTPA. The DTPA provides for attorney's fees to a prevailing consumer under the statute. TEX. BUS. & COM. CODE § 17.50(d). The TTLA provides that a person who commits civil theft is liable for attorney's fees, which includes collection of fees from an LLC. *See* TEX. CIV. PRAC. & REM. CODE §§ 134.002-134.005.

---

[6] "[O]nly three situations clearly meet the legal certainty standard: (1) when the terms of a contract limit the plaintiff's possible recovery; (2) when a specific rule of law or measure of damages limits the amount of damages recoverable; and (3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction." *Shiloh*, 2007 WL 9724995, at *3 (citing *Mitchell v. Metropolitan Life Ins. Co.*, 993 F.2d 1544, 1544 (5th Cir. 1993); 14A ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3702 (2d ed. 1985)).

Defendants argue that Plaintiff is not entitled to attorney's fees under the DTPA or the TTLA [Dkt. 25 at 5-6, 8-9]. Defendant's arguments as to fees again raises Rule 12(b)(6) questions.[7]

Plaintiff's claim for attorney's fees will likely exceed the remaining $3,000 needed to reach the $75,000 jurisdictional minimum. *See Theriot*, 354 F. Supp. 3d at 722 ("Therefore, in view of the nature of Theriot's multiple claims, the myriad damages sought, and the court's familiarity with the amount of attorney's fees generally charged in the area for this type of litigation, the court concludes that Theriot's claims can reasonably be construed to exceed $75,000.00 and, hence, are adequate to support federal jurisdiction."); *Maley v. Design Benefits Plan, Inc.*, 125 F. Supp. 2d 197, 199 (E.D. Tex. 2000) (where plaintiff stated claims for breach of contract, fraud, and conspiracy, "[t]he face of Plaintiff's state court petition demonstrates that it is more likely than not that this case exceeds the jurisdictional minimum of $75,000. [ T]he nature of the causes of action brought by Maley and factual context surrounding those claims indicate that this case involves more than the jurisdictional minimum."); *Sorensen v. Ashmore*, 4 F. Supp. 2d 669, 670 (E.D. Tex. 1998) ("it is facially apparent from the prayer for relief in the original complaint that the amount in controversy exceeds $75,000."). Defendants concede that Plaintiff has already represented that it has incurred more $3,000 in attorney's fees.[8] Indeed, in the pre-suit letter proffered by Defendants, Plaintiff alleges it has already incurred at least $4,000 in attorney's fees [Dkts. 25 at

---

[7] Defendants' arguments as to failure to state a claim under the DTPA and the TTLA bear on the merits, and as explained *supra*, are not relevant to the jurisdictional inquiry. The prevailing party is entitled to attorney's fees under either the DTPA or the TTLA, which Plaintiff correctly notes [Dkt. 27 at 7], and Defendants do not dispute. *See* TEX. CIV. PRAC. & REM. CODE § 134.005(b) (Under the TTLA, "[e]ach person who prevails in a suit under this chapter shall be awarded court costs and reasonable and necessary attorney's fees.").

[8] "Attorney's fees are also available under § 541 of the Insurance Code and the DTPA. Because Theriot has asserted claims for breach of contract and violations of the DTPA and the Insurance Code, attorney's fees are recoverable in this case if he prevails and, therefore, must be included in the amount in controversy." *Theriot*, 354 F. Supp. 3d at 719.

7; 25-2 at 4].[9] *See Maley*, 125 F. Supp. 2d at 199 (request for fees "buttress[es] a finding of the requisite amount in controversy when combined with the nature of the causes of action and the factual context surrounding the case."). It is more likely than not, therefore, that Plaintiff seeks relief that exceeds $75,000. *See Theriot*, 354 F. Supp. 3d at 722; *Harris*, 2019 WL 4861379, at *5 ("Accepting as true all well-pleaded allegations set forth in Plaintiffs' amended complaint and construing those allegations in the light most favorable to Plaintiffs, the Court finds that there is at least a plausible set of facts that would support a claim for relief for each individual plaintiff that would exceed $75,000.").

Defendants also argue Plaintiff has not alleged claims exceeding $75,000 against Defendant Mark Wolff [Dkt. 25 at 5, 7]. Defendants cite no authority for the proposition that Plaintiff must allege the amount in controversy as to each Defendant when the complaint alleges joint liability for the claims therein, nor is the court aware of any. *See Serv. Janitorial, LLC v. Talbot*, No. 1:08-CV-685, 2009 WL 10677608, at *3 (E.D. Tex. Sept. 9, 2009) ("Although the court provides no opinion at this time as to whether Plaintiff can prove liability and some or all of the damages alleged, Plaintiff's pleadings and the accompanying evidence submitted demonstrates, by a preponderance of the evidence, that the amount in controversy sought against Defendants Bobby Talbot and Gulf exceeds $75,000."); *Arriaga v. Midland Funding LLC*, No. 3:14-CV-04044-M, 2015 WL 567264, at *2 (N.D. Tex. Feb. 11, 2015) (internal citations omitted) (quoting Tex. R. Civ. P. 40) ("Claims against two or more defendants can be aggregated for the purpose of satisfying the jurisdictional amount if the defendants are jointly liable to the plaintiff.

---

[9] In response to Defendants' motion, Plaintiff avers the amount of "[a]ttorneys' fees, accrued by Plaintiff, to date, exceed[s] $50,000" [Dkt. 27 at 6]. As evidence of this amount Plaintiff proffers the affidavit of W. Fulton Broemer, counsel for Plaintiff [Dkt. 27 at 11-12]. Defendants' response solely focuses on whether the $50,000 stated is a reasonable award of attorney's fees [Dkt. 28]. The Court need not reach this question because the contribution to the amount in controversy from attorney's fees need only exceed $3,000, which is reasonable under a commonsense approach to the value of the claims for relief, as explained *supra*.

MEMORANDUM OPINION AND ORDER Page 11

Under Texas law, a plaintiff may join defendants in a petition whenever there exists 'any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action.'").

## CONCLUSION

Based on the foregoing, Defendants Edward Wolff & Associates, LLC, and Mark Wolff's Motion to Dismiss Plaintiff's Third Amended Complaint for Lack of Jurisdiction Due to the Amount of Controversy [Dkt. 25] is hereby **DENIED**.

**SIGNED this 30th day of March, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE