# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| DRYWALL ELEMENTS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:21-CV-00537-CAN |
| v. | § | |
| | § | |
| EDWARD WOLFF & ASSOCIATES, LLC, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff Drywall Elements, LLC's Motion to Dismiss Counterclaim of Defendant Edward Wolff & Associates, LLC, Pursuant to Rule 12(b)(6) [Dkt. 43] and Motion to Dismiss Counterclaim of Defendant Mark Wolff, Pursuant to Rule 12(b)(6) [Dkt. 44]. Also before the Court are Defendant Mark Wolff's Motion for Attorney Fees and Costs [Dkt. 50] and the Parties' Joint Motion to Stay Defendants' Motion for Attorneys' Fees and Costs [Dkt. 52]. Having considered each Motion and all other relevant filings, Plaintiff's Motion to Dismiss Counterclaim of Defendant Edward Wolff & Associates, LLC, Pursuant to Rule 12(b)(6) [Dkt. 43] and Motion to Dismiss Counterclaim of Defendant Mark Wolff, Pursuant to Rule 12(b)(6) [Dkt. 44] are each **GRANTED**; Defendants Edward Wolff & Associates' and Mark Wolff's respective counterclaims for attorney's fees are **DISMISSED**; Defendant Mark Wolff's Motion for Attorney Fees and Costs [Dkt. 50] is **DENIED** without prejudice to refiling at the proper time; and thus the Parties' Joint Motion to Stay Defendants' Motion for Attorneys' Fees and Costs [Dkt. 52] is **DENIED** as moot, as set forth more fully herein.

## RELEVANT PROCEDURAL HISTORY

On July 13, 2021, Plaintiff Drywall Elements, LLC ("Plaintiff") filed its original complaint against Defendants Edward Wolff & Associates, LLC ("EWA") and Mark Wolff ("Wolff") (collectively "Defendants") [Dkt. 1]. Relevant here, on August 9, 2022, Defendants each filed an "Original Answer, Affirmative Defenses, and Counter-Claim" as to the Third Amended Complaint, the live pleading at that time [Dkts. 41; 42].[1] More specifically, each of EWA and Wolff assert a counterclaim for attorney's fees pursuant to the DTPA under TEX. BUS. & COM. CODE § 17.50(c) and pursuant to the TTLA under TEX. CIV. PRAC. & REM. CODE § 134.005(b) [Dkts. 41 at 9; 42 at 9]. On August 25, 2022, Plaintiff filed Motions to Dismiss the counterclaims asserted by EWA [Dkt. 43] and Wolff [Dkt. 44] under Rule 12(b)(6). On September 14, 2022, EWA filed a response in opposition [Dkt. 45], as did Wolff [Dkt. 46]. No replies were filed. Briefly, Plaintiff's Motions urge Defendants' counterclaims should be dismissed for two reasons: (1) a counterclaim is not the proper procedural vehicle for seeking attorney's fees, which instead must be brought by way of a motion pursuant to Rule 54(d); and (2) Defendants fail to allege any facts that support their counterclaims as affirmative claims for relief [Dkts. 43 at 2; 44 at 2].

---

[1] On September 30, 2022, the Court granted in part and denied in part Defendants' Rule 12(b)(6) motion to dismiss, finding Plaintiff's DTPA, fraud, and fraudulent inducement claims as pleaded at that time did not satisfy Rule 9's heightened pleading standard [Dkt. 47]. The Court dismissed these claims without prejudice to refiling an amended complaint that comports to the Rule 9 pleading standard [Dkt. 47 at 25]. On October 31, 2022, Plaintiff filed its Fourth Amended Complaint – the live pleading [Dkt. 54]. In both the Third and Fourth Amended Complaints, Plaintiff asserts claims for breach of contract, violations of the Texas Deceptive Trade Practices Act ("DTPA"), violations of the Texas Theft Liability Act ("TTLA"), breach of fiduciary duty, conversion of property, and for fraud and fraudulent inducement [Dkt. 13; 54]. Plaintiff seeks attorney's fees pursuant to its claims under the DTPA, TEX. BUS. & COM. CODE § 17.45; for breach of contract, TEX. CIV. PRAC. & REM. CODE § 38.001; for violations of the TTLA, TEX. CIV. PRAC. & REM. CODE § 134.005(b); and for fraud pursuant to TEX. BUS. & COM. CODE § 17.50(d) [Dkt. 13 at 9; 54 at 17-18]. Defendants did not file answers after the filing of the live pleading, the Fourth Amended Complaint [*See docket generally*]. Regardless, the filing of the amended complaint does not moot the pending counterclaims. *See Affordable Care, LLC v. JNM Off. Prop. LLC*, No. 1:19CV827-HSO-JCG, 2021 WL 2021616, at *3 (S.D. Miss. Feb. 2, 2021) ("Although the Fifth Circuit has not squarely addressed this issue, some courts have held that the failure to reassert counterclaims in response to an amended complaint does not waive the counterclaims or otherwise affect their viability."); *Schutt a/n/f for A.S. v. Garland Indep. Sch. Dist.*, No. 3:17-CV-1708-B, 2019 WL 3006768, at *3 (N.D. Tex. July 9, 2019) (collecting cases).

In connection with the attorney's fees requests, on October 13, 2022, Wolff separately filed a Motion for Attorney Fees and Costs [Dkt. 50], moving under Rule 9(g), Rule 11, and Rule 54(d). Shortly thereafter, on October 25, 2022, the Parties filed a Joint Motion to Stay Defendants' Motion for Attorneys' Fees and Costs [Dkt. 52], requesting the Court stay Wolff's attorney's fees motion pending the Court's consideration of the Fourth Amended Complaint.

## LEGAL STANDARD

*Rule 12(b)(6)*

A Rule 12(b)(6) motion to dismiss argues that, irrespective of jurisdiction, the complaint fails to assert facts that give rise to legal liability of the defendant. FED. R. CIV. P. 12(b)(6). The claims stated must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). To assess the sufficiency of a complaint, the Court first identifies conclusory allegations and disregards them, for they are "not entitled to the assumption of truth," and then considers whether the remaining allegations "plausibly suggest an entitlement to relief." *Iqbal*, 556 U.S. at 681. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

## ANALYSIS

The briefing from the Parties reflects agreement regarding the propriety of seeking attorney's fees by post-judgment motion pursuant to Rule 54(d). FED. R. CIV. P. 54(d)(2)(A).

Stated differently, Plaintiff does not challenge the substantive availability of fees sought by way of post-judgment motion. However, the Parties disagree regarding whether Defendants must *also* assert a counterclaim for attorney's fees in advance of and separate from any Rule 54(d) motion to obtain an award. Plaintiff contends Defendants cannot counterclaim solely for fees, and that Defendants' counterclaims are improper because attorney's fees are not an element of damages that must be proven at trial under either the DTPA or TTLA [Dkts. 43 at 4-5; 44 at 4-5]. Defendants rejoin that Rule 9(g) requires "special damages" be pleaded, and that their claims for attorney's fees "may" require proof at trial that "may not" be covered by Rule 54 [Dkts. 45 at 5-6; 46 at 5-6].

***Availability of Attorney's Fees Under the DTPA and TTLA as to Defendants Generally***

The relevant DTPA attorney's fees provision states: "On a finding by the court that an action under this section was groundless in fact or law or brought in bad faith, or brought for the purpose of harassment, the court shall award to the defendant reasonable and necessary attorneys' fees and court costs." TEX. BUS. & COM. CODE § 17.50(c).[2] A claim is "groundless" if "it has '[n]o basis in law or fact and is not warranted by good faith argument for the extension, modification, or reversal of existing law.'" *Hymes v. Amcap Mortg., Ltd.*, No. 4:19-CV-00515, 2020 WL 7658127, at *10 (S.D. Tex. Nov. 17, 2020) (quoting *Donwerth v. Preston II Chrysler-Dodge, Inc.*, 775 S.W.2d 634, 637 (Tex. 1989) (quotation omitted)), *report and recommendation adopted*, No. 4:19-CV-00515, 2021 WL 65485 (S.D. Tex. Jan. 7, 2021). "'[B]ad faith' is 'the conscious doing of a wrong for dishonest, discriminatory, or malicious purpose.'" *Id.* at *9 (quoting *Campos v. Ysleta Gen. Hosp.*, 879 S.W.2d 67, 71 (Tex. App.—El Paso 1994, writ

---

[2] Defendants and Plaintiff seek attorney's fees under different subsections of the DTPA. Defendants seek fees under the DTPA's "fee-shifting" provision, discussed *infra*, while Plaintiff seeks fees under the "prevailing consumer" provision. *See* TEX. BUS. & COM. CODE § 17.50(d) ("Each consumer who prevails shall be awarded court costs and reasonable and necessary attorneys' fees.").

denied)). The TTLA's attorney's fees provision states, in relevant part: "Each person who prevails in a suit under this chapter shall be awarded court costs and reasonable and necessary attorney's fees." TEX. CIV. PRAC. & REM. CODE § 134.005(b). "Although the TTLA does not expressly define 'prevails,'" courts hold "that the phrase 'prevailing party' in the TTLA includes both a plaintiff successfully prosecuting a [ ] theft suit and a defendant successfully defending against one." *Raytheon Co. v. Indigo Sys. Corp.*, 895 F.3d 1333, 1344 (Fed. Cir. 2018) (quoting *Arrow Marble, LLC v. Est. of Killion*, 441 S.W.3d 702, 706 (Tex. App.—Houston [1st Dist.] 2014, no pet.)).[3]

### *DTPA & TTLA Attorney's Fees Must Be Sought by Rule 54(d) Motion Rather than Pleaded as Counterclaims*

Rule 54(d) requires a request for attorney's fees be brought by motion "unless the substantive law requires those fees to be proved at trial as an element of damages," and further specifies the motion must be brought *after* the entry of judgment "[u]nless a statute or a court order provides otherwise." *See* FED. R. CIV. P. 54(d)(A)-(B). More specifically, a motion for fees under Rule 54(d) must be brought within 14 days *after* the entry of judgment and "must specify the judgment and the statute, rule, or other grounds entitling the movant to the award." FED. R. CIV. P. 54(d)(2)(B). Notably, although this Court "applies Texas law in determining the availability of attorney's fees, it applies federal law in determining whether a party sufficiently pleaded for those fees. This is because pleading standards 'are procedural and are governed by federal law.'" *New York Pizzeria, Inc. v. Syal*, No. 3:13-CV-00335, 2017 WL 1313759, at *3 (S.D. Tex. Apr. 5, 2017) (quoting *Playboy Enters., Inc., v. Sanchez-Campuzano*, 561 F. App'x 306, 309 (5th Cir. 2013)).

---

[3] Whether there is a prevailing party requires looking to the disposition of all claims, and "[w]hen both sides achieve some litigation victories on a claim, there may not be a prevailing party." *See Domain Prot., L.L.C. v. Sea Wasp, L.L.C.*, 23 F.4th 529, 540 (5th Cir. 2022). "The Texas high court looks to federal law in defining 'prevailing party.'" *Id.* at 542 (quoting *Intercontinental Grp. P'ship v. KB Home Lone Star, L.P.*, 295 S.W.3d 650, 653 (Tex. 2009)).

Plaintiff moves to dismiss Defendants' counterclaims, urging a counterclaim is an improper vehicle for seeking attorney's fees here, and that instead Defendants should pursue any request for fees through a Rule 54(d) post-judgment motion [Dkts. 43 at 2-5; 44 at 2-5]. Plaintiff asserts attorney's fees are not an element of damages under either the DTPA or TTLA that must be proven at trial, and therefore this Court must find Defendants' request for fees falls solely under the purview of Rule 54(d) [Dkts. 43 at 4-5; 44 at 4-5].[4] Defendants contend, to the contrary, that Rule 9(g) requires pleading attorney's fees as an element of "special damages," and that Rule 54 "may or may not" be the exclusive path for seeking fees, asserting that "the fact that the attorney's fees have a basis in statute may require proof at trial and may not be covered by a post-trial Rule 54 post-judgment motion" [Dkts. 45 at 6; 46 at 6].

Defendants have not shown that attorney's fees are an element of damages that must be proven at trial under either the DTPA or the TTLA such that they must be pleaded and supported by evidence prior to a Rule 54(d) post-judgment motion. "Texas courts 'have long distinguished attorney's fees from damages,'" and "attorney's fees for the prosecution or defense of a claim are not damages under Texas law." *Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1037-38 (5th Cir. 2014) (quoting *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 172 (Tex. 2013)); *see Safeco Ins. Co. of Indiana v. Hiles*, No. 3:10-CV-1289-D, 2011 WL 3500998, at *3 (N.D. Tex. Aug. 9, 2011) (citation omitted) (citing *AMS Staff Leasing, N.A., Ltd. v. Associated Contract Truckmen, Inc.*, 2005 WL 3148284, at *1 (N.D. Tex. Nov. 21, 2005) ("An award of attorney's fees is a remedy, not a substantive cause of action. The court therefore need not separately address Hiles's counterclaim for attorney's fees."); *Benhassine v. Star Taxi, Inc.*, No. 6:12-CV-1508-ORL-

---

[4] Because the Court concludes that Defendants must seek their attorney's fees by way of a Rule 54(d) motion, consideration of the substance of these attorney's fees claims is premature, and the Court does not reach Plaintiff's substantive "failure to state a claim" arguments at this time.

37GJK, 2014 WL 12628588, at *2 (M.D. Fla. Mar. 10, 2014) (citation omitted) (quoting *United States ex rel. Chabot v. Westgate Homes, Inc.*, No. 6:06–cv–1534–Orl–19KRS, 2008 WL 360785, at *2 (M.D. Fla. Feb. 8, 2008)) ("The problem here is that Defendant labeled its request for attorney's fees as a counterclaim rather than simply demanding it as relief. '[U]nless otherwise specified by statute, a request for an award of attorneys' fees is simply a demand for a particular remedy rather than an independent cause of action.' Thus, Defendant's counterclaim is due to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.").

Addressing specifically Defendants' argument as to "special damages", similarly, no authority is offered that attorney's fees under the DTPA and TTLA are required to be pleaded as "special damages" under Rule 9(g) in the form of a counterclaim.[5] Rule 9(g) states: "If an item of special damage is claimed, it must be specifically stated." FED. R. CIV. P. 9(g). "The term 'special

---

[5] Defendants refer the Court to the Fifth Circuit's opinion in *United Industries* [Dkts. 45 at 6; 46 at 6], but as other courts have explained, reliance on that case is misplaced where the basis of the claim for fees is not a stand-alone claim for relief:

> Plaintiff's reliance on *United Industries* and *Wilson* is misplaced because the TCPA is a defensive matter that, by statutory provision, is to be raised by motion. It is not a part of an affirmative claim for relief as part of a cause of action that has been pled. In *United Industries*, the court preferred the pleading of attorneys' fees as damages accompanying a claim for reformation of a license agreement but also acknowledged that the claim could be raised in other ways.

*Williams v. Cordillera Commc'ns, Inc.*, No. 2:13-CV-124, 2014 WL 6674087, at *1 (S.D. Tex. Nov. 24, 2014) (footnotes omitted) (citing *United Industries, Inc. v. Simon–Hartley, Ltd.*, 91 F.3d 762, 765–66 (5th Cir. 1996)). And this is true specifically in the context of a request for fees under the TTLA, where, as here, the opposing party does not challenge the substantive availability of fees sought by way of post-judgment motion:

> The holding in *United Indus. Inc. v. Simon-Hartley, Ltd.* does not change that result. 91 F.3d 762, 765 (5th Cir. 1996). In *United Industries*, a Fifth Circuit panel upheld a district court's denial of attorney's fees when a prevailing defendant waited almost a year after the judgment had been entered to request attorney's fees. *Id.* at 764. Although the panel noted that as a general rule a party is required to put its opponent on notice that it will seek attorney's fees, it distinguished its facts from *Engel*, which it did not overrule. *Id.* at 765 n.2 In *Engel*, the availability of fees as a substantive matter was never at issue and the prevailing defendant sought fees before the court entered its judgment. Similarly, GLC sought attorney's fees before this Court entered judgment, and NYPI does not challenge GLC's entitlement to attorney's fees aside from its pleading argument. Moreover it is hard to see how NYPI was surprised by the fee request as it sought attorneys' fees when it alleged the TTLA claim. . . . The Court thus finds that GLC may seek attorney's fees for costs associated with defeating the TTLA claim.

*New York Pizzeria, Inc.*, 2017 WL 1313759, at *3 (citing *Engel v. Teleprompter Corp.*, 732 F.2d 1238, 1240-41 (5th Cir. 1984)).

damages' is not defined in the federal rules of civil procedure, but it has been construed to mean 'those elements of damages that are the natural, but not the necessary, consequence of defendant's conduct, and usually stem from the particular circumstances of the case.'" *NTBS Storage & Retrieval, Inc. v. Kardex Sys., Inc.*, No. CIV.3:98CV0996-M, 2001 WL 238110, at *1 (N.D. Tex. Mar. 30, 2001) (quoting 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1310 at 700 (2d ed. 1990)); *see IBP, Inc. v. Klumpe*, 101 S.W.3d 461, 477 (Tex. App.—Amarillo 2001, pet. denied) ("Ordinary losses incident to defending a civil suit, such as inconvenience and attorney's fees do not qualify as special damages"). The DTPA and TTLA attorney's fees sought by Defendants are not "special damages" that must be affirmatively pleaded as counterclaims. *See Johnson v. Equifax Info. Servs., LLC*, No. 4:16-CV-00551, 2017 WL 1037588, at *1 (E.D. Tex. Mar. 17, 2017) ("Discover's right to attorneys' fees is a defensive matter for frivolous claims. It is an award for costs that is to be raised by motion. Discover does not have a cause of action for which to lodge a counterclaim and thus did not need to plead attorneys' fees as a counterclaim. Discover may properly seek attorney's fees by motion according to the sections entitling it to attorney's fees. Nevertheless, Discover's counterclaim for attorney's fees is improper."). The counterclaims for fees should be dismissed.

To be clear, Defendants have provided notice of their intent to move for fees, and the instant dismissal does not preclude Defendants from seeking any attorney's fees to which they may be entitled under the DTPA or TTLA by and through the filing of a procedurally proper Rule 54(d) motion following judgment (if Defendants are indeed entitled to attorneys' fees under those statutes).

In sum, having considered the instant motions, the applicable procedural rules and substantive statutes, and all other relevant filings, the Court concludes that Defendants must seek

their requested attorney's fees under the DTPA and TTLA pursuant to a Rule 54(d) motion. Defendants have not shown that attorney's fees are "special damages" that must be affirmatively pleaded under Rule 9(g), nor that attorney's fees are an element that must be proven at trial under either the DTPA or TTLA. Defendants' counterclaims should therefore be dismissed, and the pending Motion for Attorney's Fees be denied without prejudice to refiling at the proper time. *See Cobb v. Kendall*, No. 3:22-CV-1867-B-BH, 2022 WL 7213668 (N.D. Tex. Sept. 23, 2022) (collecting cases) ("Where no judgment has been entered, a motion under Rule 54(d)(2) is premature."), *report and recommendation adopted*, No. 3:22-CV-1867-B-BH, 2022 WL 7035120 (N.D. Tex. Oct. 12, 2022); *Benhassine*, 2014 WL 12628588, at *2 (granting Rule 12(b)(6) motion to dismiss counterclaim) ("Substantively, determining the merits of Defendant's request for attorney's fees prior to a Rule 54(d)(2) motion would be premature.").

## CONCLUSION

Based on the foregoing, Plaintiff Drywall Elements, LLC's Motion to Dismiss Counterclaim of Defendant Edward Wolff & Associates, LLC, Pursuant to Rule 12(b)(6) [Dkt. 43] and Motion to Dismiss Counterclaim of Defendant Mark Wolff, Pursuant to Rule 12(b)(6) [Dkt. 44] are each **GRANTED**. Edward Wolff & Associates' and Mark Wolff's respective counterclaims for attorney's fees are **DISMISSED**.

It is further **ORDERED** that Defendant Mark Wolff's Motion for Attorney Fees and Costs [Dkt. 50] is **DENIED** without prejudice to refiling at the proper time. The Parties' Joint Motion to Stay Defendants' Motion for Attorneys' Fees and Costs [Dkt. 52] is **DENIED** as moot.

**IT IS SO ORDERED.   SIGNED this 29th day of March, 2023.**

Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE